IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BINARY SEMANTICS LIMITED,　:
BINARY SEMANTICS, INC.　　　:
　　　　　　　　　　　　　　　:　　Civil Action No. 4: 07-CV-1750
　　　　　　　　Plaintiffs,　:
　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　:　　(Judge McClure)
MINITAB, INC., et.al.,　　　:
　　　　　　　　　　　　　　　:
　　　　　　　　Defendants.　:
　　　　　　　　　　　　　　　:

**O R D E R**

May 5, 2008

**BACKGROUND:**

On September 25, 2007, plaintiffs Binary Semantics Limited and Binary

Semantics Inc. (collectively "Binary") commenced this civil action with the filing

of a complaint against defendants Minitab, Inc., Barbara Ryan, Bruce Pincus,

Patrick Sheehan, Asha Gopinath Menon, Malvinder Singh, and John Does 1-10.

Binary alleges that defendants misappropriated certain trade secret information and

has set forth a number of claims related to this conduct.  Additionally, Binary has

filed a motion for a preliminary injunction seeking to restrain defendants from

using or disclosing these trade secrets.  (Rec. Doc. No. 7.)

On December 4, 2007, we scheduled a hearing on the motion for a

1

preliminary injunction and discovery was authorized.  On March 28, 2008, the

parties filed a joint motion directing discovery and requesting that the hearing on

the motion for a preliminary hearing be postponed.  (Rec. Doc. No. 62.)  The

motion stated that the depositions of several individuals had raised concerns about

two DVDs and one CD that Binary had produced during discovery that it held out

to be duplicates of the information that was allegedly misappropriated.  (Id. ¶ 1.)

To resolve these concerns, the motion stated that the parties would each retain

computer forensic experts and that the parties would attempt to reach an agreement

on the scope and process of the forensic analysis of Binary's computer system.  (Id.

¶ 3.)  On March 31, 2008, we granted the joint motion.

Evidently, the parties have not been able to reach an agreement on the scope

and process of the forensic analysis of Binary's computer system.  On April 25,

2008, Minitab filed an "Emergency Motion for Court Intervention."  (Rec. Doc.

No. 71.)  Opposing and reply briefs have been filed.  For the following reasons, the

court will grant the motion to the extent consistent with this opinion.

**DISCUSSION:**

In its motion, Minitab requests that its forensic expert be permitted to make a complete forensic copy of Binary's File Server and FTP server, as well as the computers of Binary employees Saini, Choudhary, Kumar, and Pattnaik and the removed hard drives of Dinesh Chand and Anjali.  (Rec. Doc. No. 71, ¶ 20.)  It claims this imaging is necessary "[i]n order for Minitab's expert to conduct a thorough analysis sufficient to confirm or disprove the validity and integrity of the electronic data produced by Binary during discovery."  (Id.)  Binary, on the other hand, opposes this request and contends that it is overly-broad and intrusive.  (Rec. Doc. No. 72, ¶ 20.)

Binary's opposition brief contends that in May of 2007, defendant Menon asked Mahesh Saini to provide her with backup copies of several folders from Binary's computers.  (Rec. Doc. No. 72, ¶ 19.)  The protocol of such a request involves using the FTP Server to back up the data.  (Id.)  Saini therefore uploaded the specific folders from Binary's computers to the FTP Server, copied these folders onto two DVDs and one CD, and gave them to Menon.  (Id.)  During discovery in this case, Minitab requested copies of the DVDs and CD that were allegedly given to Menon.  (Id. ¶ 19.)  Pursuant to this request, Binary employees Samrat Pattnaik and Raj Kumar created duplicates and these were provided to Minitab.  (Id.)  Evidently, some of the files on these discs contain metadata that

indicated that they were created by Pattnaik on his computer on a date after the files were allegedly copied for Menon.  (Rec. Doc. No. 71, ¶ 19.)  In other words, Minitab believes that the information provided on the DVDs and CD is not necessarily the same information that was allegedly taken by Menon.  (Id.)  In his deposition, Mahesh Saini clearly states that the files that he copied for defendant Menon still exist on Binary's FTP Server in an exact replica of the data that was given to Menon.  (Rec. Doc. No. 72, Ex. A, at 106, 111, 304-05.)  Furthermore, Saini testified that these folders on the FTP Server have been electronically protected from being overwritten or modified.  (Id., Ex. A, at 104-06.)

We do not understand why an image of Binary's entire FTP Server (as opposed to the folders on the FTP Server containing the information), its entire File Server, and the computers of Saini, Choudhary, Kumar, and Pattnaik are necessary "to confirm or disprove the validity and integrity of the electronic data produced by Binary during discovery."  (Rec. Doc. No. 71, ¶ 20.)  Saini clearly testified that the folders containing the information allegedly given to Menon still exist on the FTP Server and have been protected from being modified.  Once Minitab has an image of these folders, it can compare it to the DVDs and CD that were provided during discovery.  If these folders do not contain the same questionable metadata as the DVDs and CD produced during discovery, then there

appears to be little reason to question the integrity and veracity of the images, just as there would have been no reason to question the DVDs and CD provided to Minitab absent the questionable metadata.  If the folders on the FTP server also contain questionable metadata, we still do not understand why an image of the entire File Server or entire FTP Server would be helpful.  Minitab has stated that an image contains not only the active date available to the typical user but also areas where deleted or partially overwritten data may exist.  (Rec. Doc. No. 74, at 3.)  In other words, if the data in the folder was in fact changed (which resulted in questionable metadata), an image as explained by Minitab will allow it to see these changes.  In fact, the only way it appears that an image of the folders on the FTP server will not be sufficient is if the information allegedly taken by Menon was never in the folders in the first place.  If this turns out to be the case, we believe that Binary will equal Minitab's desire to resolve this discrepancy, as the information in question is presumably key to Binary's claims.

Therefore, because we conclude that Minitab's request is overly-broad and intrusive, we will only permit Minitab to create an image of the relevant folders on Binary's FTP Server.  Furthermore, as Minitab's request to image the removed hard drives of Dinesh Chand and Anjali is unopposed, we will permit imaging of these items as well.

5

**NOW, THEREFORE, IT I S ORDERED THAT:**

1.    Defendant Minitab's "Emergency Motion for Court Intervention" is

        GRANTED to the extent consistent with this opinion.

2.    Minitab's forensic expert is authorized to make a forensic copy of the

        relevant folders on Binary's FTP server, as well as the removed hard

        drives of Dinesh Chand and Anjali.


      s/ James F. McClure, Jr.
    James F. McClure, Jr.
    United States District Judge