IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BINARY SEMANTICS LIMITED, | : | |
| BINARY SEMANTICS, INC. | : | |
| | : | Civil Action No. 4: 07-CV-1750 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| MINITAB, INC., et.al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**O R D E R**

May 15, 2008

**BACKGROUND:**

On September 25, 2007, plaintiffs Binary Semantics Limited and Binary Semantics Inc. (collectively "Binary") commenced this civil action with the filing of a complaint against defendants Minitab, Inc., Barbara Ryan, Bruce Pincus, Patrick Sheehan, Asha Gopinath Menon, Malvinder Singh, and John Does 1-10. Binary alleges that defendants misappropriated certain trade secret information and has set forth a number of claims related to this conduct. Additionally, Binary has filed a motion for a preliminary injunction seeking to restrain defendants from using or disclosing these trade secrets. (Rec. Doc. No. 7.)

On February 25, 2008, defendant Menon filed a motion in limine which

1

seeks to exclude certain evidence in the upcoming hearing on plaintiff's motion for a preliminary injunction. (Rec. Doc. No. 45.) On February 29, 2008, defendant Minitab filed a notice joining in the motion. (Rec. Doc. No. 53.) An opposing brief has been filed and the time for filing a reply brief has since passed. For the following reasons, we will deny the motion.

**DISCUSSION:**

In her motion, defendant Menon contends that Binary is likely to introduce at the hearing on the motion for a preliminary injunction several out of court statements made by her to several Binary employees (Rec. Doc. No. 46, at 3.) Furthermore, Menon contends that Binary has pursued a criminal investigation in India, and that a complainant in India has more control over the course of a criminal investigation than it would in the United States. (Id. at 4.) Menon states that she applied for and was granted "anticipatory bail" in India which allows her to obtain an advance ruling that she is entitled to bail in the event that criminal charges are brought. (Id.) In order to achieve this grant, she was required to tender her passport. (Id.) Finally, she contends that her attorneys in India are applying to the courts for the return of her passport in order for her to attend the hearing on the motion for a preliminary injunction and that such a request will likely be granted if

Binary does not oppose it. (Id.) Yet, she also contends that Binary has actively opposed the return of her passport by claiming that Menon may bring more stolen trade secrets with her to Pennsylvania. (Id.)

Rule 804 of the Federal Rules of Evidence governs hearsay exceptions when the declarant is unavailable. Specifically, Rule 804(b)(3) allows for an exception to the hearsay rule for a statement against interest and defines such a statement in relevant part as one which "so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Rule 804(a) outlines several situations in which a witness is considered unavailable and one such example is when the declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means." Finally Rule 804(a) also states that "[a] declarant is not unavailable as a witness if . . . absence is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying."

As a preliminary matter, we note that neither party has cited any cases with a similar fact pattern. Similarly, the court was unable to find any cases on point. We do not believe that Binary should be prevented from presenting Menon's out of

court statements if they are against her interest and she is unavailable because she is unable to leave India.  This is because we conclude that such an absence would not be "due to the procurement or wrongdoing" of Binary for the "purpose of preventing [Menon] from attending or testifying." Fed. R. Evid. 804(a).  Menon states in her motion that she voluntarily tendered her passport to Indian authorities in order to obtain "anticipatory bail," a process used by the subject of a criminal investigation to obtain an advance ruling that he or she is entitled to bail in the event criminal charges are brought.  (Rec. Doc. No. 46, at 4.)  To the extent that her lack of a passport is what is preventing her from attending the hearing, it is Menon's voluntary action of applying for anticipatory bail and tendering her passport that has caused her inability to leave the country.  Although Menon contends that Binary has much control over the criminal investigation and that her request for the return of her passport will likely be granted if Binary does not oppose it, we do not find this sufficient to constitute the "procurement" of her unavailability for "the purpose of preventing [Menon] from attending or testifying."  The tendering of her passport obviously serves a purpose in the Indian criminal process, which presumably is to assure that a suspect remains in the country.  If we were to grant Menon's motion, we would effectively be punishing Binary for not attempting to disrupt a process that benefits it as the complainant in

the Indian investigation.  Furthermore, we note that Menon and Minitab could have protected themselves from their fear of a "one-sided evidentiary presentation" (Rec. Doc. No. 46, at 5) by requesting permission to conduct a video-taped deposition of Menon in order to obtain her testimony.  In light of Menon's potential inability to travel to the United States, this might have been a wise avenue to take, but defendants elected not to do so.  Therefore, we will deny Menon's motion in limine.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Defendant Menon's motion in limine is DENIED.  (Rec. Doc. No. 45.)  To the extent that defendant Minitab has joined in the motion, its motion is denied as well.

 s/James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge