IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BINARY SEMANTICS LIMITED, | : | |
| BINARY SEMANTICS, INC. | : | |
| | : | Civil Action No. 4: 07-CV-1750 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| MINITAB, INC., et.al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**O R D E R**

September 2, 2008

**BACKGROUND:**

On September 25, 2007, plaintiffs Binary Semantics Limited and Binary Semantics Inc. (collectively "Binary") commenced this civil action with the filing of a complaint against defendants Minitab, Inc., Barbara Ryan, Bruce Pincus, Patrick Sheehan, (collectively the "Minitab defendants")Asha Gopinath Menon, Malvinder Singh, and John Does 1-10. In its amended complaint, filed May 19, 2008, Binary sets forth causes of action based upon the Federal Computer Fraud and Abuse Act (Count I), Pennsylvania's Uniform Trade Secrets Act (Count II), Conversion (Count III), Unjust Enrichment/Restitution (Count IV), Fraud/Fraudulent Inducement (Counts V and VI), Civil Conspiracy (Count VII),

1

and Intentional Interference with Prospective Economic Advantage (Count VIII).

On June 4, 2008 the Minitab defendants filed counterclaims against plaintiff Binary for Breach of Contract (Count I) and violation of Pennsylvania's Uniform Trade Secrets Act (Count II). In response to the counterclaims filed against it, plaintiff Binary filed a cross-claim against defendant Asha Gopinath Menon.

Defendant Menon filed a motion to dismiss the cross-claim on July 17, 2008 and filed a supporting brief on August 1, 2008. An opposing brief as been filed and the matter is ripe for disposition. Now, for the following reasons, the court will deny the motion to dismiss the cross-claim against defendant Menon, and will order Binary to file an amended cross-claim.

**DISCUSSION:**

1. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court

considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  <u>Maio v. Aetna, Inc.</u>, 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face.  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1960 (2007).

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. <u>Hellmann v. Kercher</u>, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief  under it. <u>Hellmann</u>, 2008 U.S. Dist. LEXIS at 4-5.  Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. <u>Twombly</u>, 127 S.Ct. at 1965.

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." <u>Id.</u> at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." <u>Id.</u> at 327.

2. Allegations in the Cross-Claim

Binary alleges generally that defendant Menon acted fraudulently, recklessly, or negligently by signing a revised contract, and hence, Binary should be indemnified or owed contribution for any amounts it may have to pay the Minitab defendants on their counterclaims.

3. Analysis

It is not clear from Binary's crossclaim what theory of substantive law it is alleging Menon breached, and if indemnification or contribution is supported by that area of law. Binary alleges generally fraud, negligence and recklessness on the part of Defendant Menon. (Rec. Doc. No. 86 at ¶ 23.)

If Binary is alleging Menon committed fraud by signing the revised contract,

Binary would have to "state with particularity the circumstances constituting fraud or mistake." (Fed. R. Civ. P. 9(b)).

If Binary is alleging a breach of contract or a tort action, we would expect Binary to do so in a manner that puts Menon on notice of what the claim is and the grounds on which it rests. See Twombly, 127 S.Ct. At 1955. Both the court and defendant Menon are unclear as to what cause of action Binary is asserting against Menon.

The matter is made more confusing by Binary's response brief. Binary cites a Pennsylvania Commonwealth Court case that holds that indemnity can arise from express contract, implied contract, or by operation of law. But Binary does not state upon which of these bases we are to find a claim for indemnification. Binary goes on to cite tort cases in which an employer had a right to indemnity from an employee who committed a personal injury tort. But Binary does not argue what cause of action it is asserting against Menon, and whether indemnification and/or contribution is supported by that area of substantive law.

Needless to say, Binary has not made "a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory." Twombly, 127 S.Ct. at 1965

5

Therefore, we will order Binary to file an amended cross-claim by September 18, 2008. If Binary does not file an amended cross-claim by that date, its cross-claim against Defendant Menon will be dismissed for failure to state a claim upon which relief may be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant Asha Menon's motion to dismiss Binary's cross-claim is DENIED. (Rec. Doc. No. 90.)

2. Binary shall file an amended cross-claim on or before September 18, 2008. Failure to do so will result in dismissal of Binary's cross-claim (Rec. Doc. No. 86) pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. Defendant Menon shall file a timely response to the amended cross-claim.

s/James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge